WILLIAM F. COLLINS, d. b., *vs.* NATHAN HUTCHINS, p. b.

*Appeal—Criminal Law—Recognizance; Forfeiture of — Practice—Contract; Conditional or Absolute ; Consideration for.*

1. Under the law and practice in this State, although a recognizance which was entered into for the appearance of the principal at the next term of Court may at such term be declared forfeited, yet such forfeiture may, in the discretion of the Court, be taken off at the following term.

2. Such being the law, the surety in such forfeited recognizance has an interest in having the principal produced at the term of Court next following the forfeiture, and such an interest as would be sufficient to support a contract or promise to pay another whom he had induced to go beyond the State or county for the purpose of finding and producing the principal.

3. Whether such a contract was conditional or not, that is, whether the principal should pay only in the event that he was liable under the recognizance, is a question of fact to be determined by the jury.

(*May 4, 1900.*)

Judges SPRUANCE, GRUBB and BOYCE sitting.

*Robert H. Van Dyke* for plaintiff below.

*Arley B. Magee* for defendant below.

Superior Court, Kent County, April Term, 1900.

APPEAL. ACTION OF ASSUMPSIT (No. 75, October Term, 1899).

GRUBB, J., charging the jury :

Gentlemen of the jury :—This is a suit brought by Nathan Hutchins against William F. Collins for $6.45, with interest from April 19, 1899, which plaintiff claims is for money paid out and expended by him and for work and labor done by him for Collins, the defendant, at Collins' request.

You have heard the testimony as to what was the contract between these parties. Whether there was a contract between them or not is for you to determine, and what was done by Hutchins for Collins and what was due from Collins to Hutchins, if anything was due, is for you to determine from the facts, subject to the law as we now declare it to you for your guidance.

The defendant Collins claims that he was not to pay Hutchins anything at all in case he was not responsible under a recognizance which has been put in evidence before you. Hutchins, on the other side, contends that the contract was made upon no such conditions. As to which of them states the real fact in regard to the terms of the contract is for you to determine upon the evidence.

Whether Collins was liable under the recognizance is a question of law and not of fact. The question of law is for the Court to determine and instruct you upon.

If you should find upon an examination of the evidence that the recognizance was forfeited by the Court at the October Term, 1898, then we say to you that under the law and the practice of the Court in this State, that forfeiture might have been taken off in the discretion of the Court, at the next April Term, upon the application of Collins, upon his producing Jennie Benson (for whose appearance the recognizance was given) at the April Term, 1899. That being the law, if Collins had procured Hutchins, or anybody else, to find Jennie Benson and to bring her and actually produce her in Court at the April Term, 1899, the Court might or might not, in its discretion, have taken off the forfeiture; and Collins therefore had the right to thus produce her, if he could, for that purpose, and had the interest to do so if he could through the *capias* in Hutchins' hands, and thus have that forfeiture taken off. He therefore certainly had some interest in having her produced under the *capias*—the interest to make the application to have the forfeiture of that recognizance taken off and himself thus released from the payment of the recognizance, or, at least, from the trouble and expense of defending a suit for the recovery of the amount of

the penalty under the recognizance. There was an interest which he had ; there was a benefit which might arise to him out of any contract he may have made with Hutchins or any other person to produce her so that he could make the application to be relieved from the payment of the recognizance or from the expense of a suit for the recovery of the amount thereof.

We therefore say to you, that if you believe that the recognizance was forfeited at the October Term, 1898, and that Collins requested and induced Hutchins to go for said purpose, on his promise to pay him therefor, beyond the boundaries of this county, especially beyond the boundaries of this State, into the City of Chester, Pennsylvania, as alleged by the plaintiff, then that would be a contract founded upon a sufficient consideration.

Now if you believe this, the question is, was that contract based upon a condition or not, or was it an absolute unconditional contract on the part of Collins to pay Hutchins to go to Chester and bring back Jennie Benson and produce her at the April Term of Court, 1899? Whether that was a conditional contract or not is for you to say. That is a question of fact. If you find that it was a conditional contract, that is, that Collins should not pay anything to Hutchins unless he (Collins) was liable under that recognizance and therefore interested in it, then, in case it was not forfeited, you would have to find for the defendant, and you could not find anything for the plaintiff. But if you find from the facts that it was not such a conditional contract then you will find for the plaintiff, Hutchins. That is, if you find that he was to pay Hutchins whether he had any responsibility under the recognizance or not, you must find for Hutchins, provided you find that Hutchins, pursuant to the alleged contract, did go to Chester at the request of Collins, and did bring back Jennie Benson and produce her at the April Term, 1899.

With these remarks, we leave the case with you for your determination and verdict.

Verdict for defendant.